MARGARET WEST *et al.*, Administrators, *vs.* EDWARD H. DARCY.

PROVIDENCE—DECEMBER 9, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The copy of the note sued upon, to be filed with the writ and declaration under Gen. Laws R. I. cap. 239, § 14, need not be a literal and exact copy thereof; if the copy be sufficiently accurate to identify the claim, and not to mislead the defendant, the purpose of the statute is fulfilled.

If a defendant fail to make the affidavit of defence referred to in the same statute, the only effect is to preclude him from making a defence to the plaintiff's claim; but the defendant is, nevertheless, entitled to have his claim in set-off adjudicated in that suit.

The failure to file the required affidavit of defence is a conclusive admission, for purposes of the suit, of the validity of the plaintiff's claim.

ASSUMPSIT on promissory note, the defendant not filing an

affidavit of defence but pleading a claim in set-off. Heard on the defendant's petition for a new trial.

MATTESON, C. J. This is an action of assumpsit on a promissory note, begun in the District Court of the Sixth Judicial District and certified to the Common Pleas Division on the defendant's claim for a jury trial. A copy of the note was filed with the writ and declaration, as provided by Gen. Laws R. I. cap. 239, § 14. No affidavit of defence was made, but the defendant filed a plea of the general issue and a claim in set-off, in accordance with Gen. Laws R. I. cap. 239, §§ 10, 11 and 12.

When the case was called for trial in the Common Pleas Division, the court, on the plaintiffs' motion, entered a decision for the plaintiffs as by default for want of an affidavit of defence. The defendant objected to the entry of the decision because the copy of the note filed by the plaintiffs was not a literal and exact copy; but the court ruled that it need not be a literal and exact copy, and that a copy which was substantially correct was a sufficient compliance with the statute. To this ruling the defendant duly excepted.

The defendant then insisted that he was entitled to proceed in the trial of his claim in set-off, notwithstanding his omission to file an affidavit of defence as against the note; but the court ruled to the contrary, and to this ruling the defendant also excepted.

The case is before us on the defendant's petition for a new trial based on these exceptions.

We think that the Common Pleas Division was correct in its first ruling but erred in its second.

The purpose of the copy is to notify the defendant of the particular claim in suit, so that he may determine whether he has a defence or not and make or omit to make his affidavit accordingly. If it is sufficiently accurate to identify the claim, and not to mislead the defendant, its purpose is fulfilled. To insist on an *exact* copy would be to require a *fac simile* or reproduction of the original—a degree of strictness which would render the provision of the statute well-nigh impracticable and consequently inoperative.

We think that the affidavit of defence referred to in § 14 relates only to the claim of the plaintiff on which the suit is based, and that if it is not made, the only effect is to preclude the defendant from making a defence to the claim. The failure to file the affidavit is a conclusive admission, for the purposes of the suit, of the validity of the plaintiffs' claim. But the defendant is nevertheless entitled to have his claim in set-off adjudicated in that suit and, if he prevails, to have it deducted from the plaintiffs' claim, or, if it exceeds the plaintiffs' claim, to a judgment for the excess.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

*Andrew B. Patton* and *Thomas F. West*, for plaintiffs.
*John W. Hogan*, for defendant.